1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7                    DISTRICT OF NEVADA

8                          * * *

9  ROGER HULL,                        Case No. 3:12-cv-00512-MMD-VPC

10                      Plaintiff,                    ORDER

11       v.

12  GREGORY COX, et al.,

13                     Defendants.

14

15        Plaintiff, who is a prisoner in the custody of the Nevada Department of

16  Corrections, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Based

17  on the financial information provided, the Court finds that plaintiff is unable to prepay the

18  full filing fee in this matter.  Before the Court is plaintiff's amended complaint (dkt. no. 9),

19  which the Court has screened pursuant to 28 U.S.C. § 1915A.  As will be discussed

20  below, the additional claims plaintiff includes in his amended complaint are subject to

21  dismissal for failure to state a claim for which relief may be granted.  Accordingly, the

22  Court shall strike the amended complaint, and this matter shall proceed as set forth in

23  this Court's Screening Order dated January 15, 2013 (dkt. no. 4).

24  **I.      SCREENING PURSUANT TO 28 U.S.C. § 1915A**

25        Federal courts must conduct a preliminary screening in any case in which a

26  prisoner seeks redress from a governmental entity or officer or employee of a

27  governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify

28  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

1  claim upon which relief may be granted or seek monetary relief from a defendant who is

2  immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however,

3  must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th

4  Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5  elements: (1) that a right secured by the Constitution or laws of the United States was

6  violated, and (2) that the alleged violation was committed by a person acting under color

7  of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

8       In addition to the screening requirements under § 1915A, pursuant to the Prison

9  Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if

10 the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state

11 a claim on which relief may be granted, or seeks monetary relief against a defendant

12 who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for

13 failure to state a claim upon which relief can be granted is provided for in Federal Rule

14 of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when

15 reviewing the adequacy of a complaint or an amended complaint. When a court

16 dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

17 complaint with directions as to curing its deficiencies, unless it is clear from the face of

18 the complaint that the deficiencies could not be cured by amendment. *See Cato v.*

19 *United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

20      Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*

21 *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal

22 for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any

23 set of facts in support of the claim that would entitle him or her to relief.  *See Morley v.*

24 *Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes

25 as true all allegations of material fact stated in the complaint, and the court construes

26 them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d

27 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent

28 standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9

2

1   (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard

2   under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

3   more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct.

4   1955, 1964-65 (2007).  A formulaic recitation of the elements of a cause of action is

5   insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

6         Additionally, a reviewing court should "begin by identifying pleadings [allegations]

7   that, because they are no more than mere conclusions, are not entitled to the

8   assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal

9   conclusions can provide the framework of a complaint, they must be supported with

10  factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court should

11  assume their veracity and then determine whether they plausibly give rise to an

12  entitlement to relief.  *Id.*  "Determining whether a complaint states a plausible claim for

13  relief [is] a context-specific task that requires the reviewing court to draw on its judicial

14  experience and common sense."  *Id*.

15        Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte*

16  if the prisoner's claims lack an arguable basis either in law or in fact. This includes

17  claims based on legal conclusions that are untenable (e.g., claims against defendants

18  who are immune from suit or claims of infringement of a legal interest which clearly

19  does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or

20  delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also*

21  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

22  **II.     AMENDED COMPLAINT**

23        In his amended complaint (dkt. no. 9), plaintiff, who is incarcerated at Northern

24  Nevada Correctional Center ("NNCC"), has sued Nevada Department of Corrections

25  ("NDOC") Director Greg Cox, as well as several NNCC administrators and officers.

26  Plaintiff asserts violations of his First Amendment rights, his Fourteenth Amendment

27  equal protection rights, as well as his rights under the Religious Land Use and

28  ///

1    Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5

2    (2000).

3          Counts I through IV of plaintiff's amended complaint are identical to counts I

4    through IV of his original complaint (dkt. nos. 5 and 9).  In counts V and VI of plaintiff's

5    amended complaint, he alleges that defendants have violated his rights to practice his

6    religion, thereby violating Nev. Rev. Stat. §§ 209.131, 209.132, 209.161. He also claims

7    that because defendants Cox, Palmer and Baca have violated these state statutes, they

8    are "directly responsible for their actions" (dkt. no.  9 at 19).  The state statutes that

9    plaintiff cites describe the duties of the Nevada Department of Corrections director,

10   including the authority to delegate powers and appoint prison wardens.  These statutes

11   do not provide for a private right of action; therefore, in counts V and VI plaintiff has not

12   and cannot state a claim for which relief may be granted.

13         As the only new claims in plaintiff's amended complaint must be dismissed for

14   failure to state a claim, the Court shall strike the amended complaint.  This action shall

15   proceed on the original complaint (dkt. no. 5) as set forth in the January 15, 2013,

16   Screening Order (dkt. no. 4).

17   **III.    CONCLUSION**

18         IT IS THEREFORE ORDERED that plaintiff's amended complaint (dkt. no. 9) is

19   STRICKEN.

20         IT IS FURTHER ORDERED that this action SHALL PROCEED on the original

21   complaint (dkt. no. 5) as set forth in this court's Screening Order dated January 15,

22   2013 (dkt. no. 4).

23         IT IS FURTHER ORDERED as follows:

24         1.    Plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) is

25   GRANTED; plaintiff shall not be required to pay an initial installment of the filing fee.  In

26   the event that this action is dismissed, the full filing fee must still be paid pursuant to 28

27   U.S.C. § 1915(b)(2).

28   ///

1    2.    The movant herein is permitted to maintain this action to conclusion

2  without the necessity of prepayment of any additional fees or costs or the giving of

3  security therefor. This order granting leave to proceed *in forma pauperis* shall not

4  extend to the issuance of subpoenas at government expense.

5    3.    Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of

6  Corrections shall pay to the Clerk of the United States District Court, District of Nevada,

7  20% of the preceding month's deposits to plaintiff's account (inmate #68989), in the

8  months that the account exceeds $10.00, until the full $350.00 filing fee has been paid

9  for this action. The Clerk of the Court shall SEND a copy of this order to the Finance

10  Division of the Clerk's Office.  The Clerk shall also SEND a copy of this order to the

11  attention of the Chief of Inmate Services for the Nevada Department of Corrections,

12  P.O. Box 7011, Carson City, NV 89702.

13    4.    The Clerk shall electronically SERVE a copy of this order, a copy of the

14  Screening Order dated January 15, 2013 (dkt. no. 4), and a copy of plaintiff's complaint

15  (dkt. no. 5) on the Office of the Attorney General of the State of Nevada, attention Kat

16  Howe.

17    5.    Subject to the findings of the Screening Order (dkt. no. 4), within twenty-

18  one (21) days of the date of the entry of this order, the Attorney General's Office shall

19  file a notice advising the Court and plaintiff of: (a) the names of the defendants for

20  whom it <u>accepts</u> service; (b)  the names of the defendants for whom it <u>does not accept</u>

21  service; and (c) the names of the defendants for whom it is filing last-known-address

22  information under seal.  As to any of the named defendants for whom the Attorney

23  General's Office cannot accept service, the Office shall file, under seal, the last known

24  address(es) of those defendant(s) for whom it has such information.

25    6.    If service cannot be accepted for any of the named defendant(s), plaintiff

26  shall file a motion identifying the unserved defendant(s), requesting issuance of a

27  summons, and specifying a full name and address for the defendant(s).  As to any of

28  ///

1  the defendants for whom the Attorney General has not provided last-known-address

2  information, plaintiff shall provide the full name and address for the defendant(s).

3      7.    If the Attorney General accepts service of process for any named

4  defendant(s), such defendant(s) shall file and serve an answer or other response to the

5  complaint within sixty (60) days from the date of this order.

6      8.    Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance

7  has been entered by counsel, upon their attorney(s), a copy of every pleading, motion

8  or other document submitted for consideration by the Court.  Plaintiff shall include with

9  the original paper submitted for filing a certificate stating the date that a true and correct

10  copy of the document was mailed to the defendants or counsel for the defendants.  If

11  counsel has entered a notice of appearance, the plaintiff shall direct service to the

12  individual attorney named in the notice of appearance, at the address stated therein.

13  The Court may disregard any paper received by a district judge or magistrate judge

14  which has not been filed with the Clerk, and any paper received by a district judge,

15  magistrate judge, or the Clerk which fails to include a certificate showing proper service.

16      IT IS SO ORDERED.

17

18      DATED THIS 23rd day of May 2013.

19

20      _____
        MIRANDA M. DU
        UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

6